USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-20-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ALEXANDER SPILLMAN,

                Plaintiff,      07 Civ. 2164 (DAB)
                                ADOPTION OF REPORT
      -against-                 AND RECOMMENDATION

CITY OF YONKERS, P.O. ATKINS, P.O.
CIRUZZI, P.O. MCGARTLAND, P.O.
PATAKY, P.O. RUBIN, P.O WILT,

                Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

      On January 8, 2010, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("Report") in the above-captioned case recommending that Defendants' Motion for Summary Judgment be granted, in part, and denied, in part.

      Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Court is required to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Where no timely objection has been made, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

The facts in this matter are meticulously detailed in Judge Fox's Report, and will not be fully restated here. Plaintiff has submitted timely Objections to the Report. For the reasons contained herein, this Court accepts and adopts the findings of Magistrate Judge Fox and adopts his recommendation that Defendants' Motion for Summary Judgment be GRANTED, in part, and DENIED, in part.

## I. DISCUSSION

A. Standard of Law

A district court should grant summary judgment when there is "no genuine issue as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see also Hermes Int'l v. Lederer de Paris Fifth Ave., Inc., 219 F.3d 104, 107 (2d Cir. 2000). "Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." James v. New York Racing Ass'n, 233 F.3d 149, 152 (2d Cir. 2000). While a court must always "resolve ambiguities and draw reasonable inferences against the moving party," Knight v. U.S. Fire Ins. Co., 278 F.3d 93, 101 (2d Cir. 2002), "mere speculation and conjecture is insufficient to preclude the granting of the motion." Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir.2007). Instead, when the moving party has

2

documented particular facts in the record, "the opposing party must 'set forth specific facts showing that there is a genuine issue for trial.'" Zelnik v. Fashion Institute of Technology, 464 F.3d 217, 224 (2d Cir. 2006) (quoting Fed.R.Civ.P. 56(e)). Establishing such facts requires going beyond the allegations of the pleadings, as the moment has arrived "'to put up or shut up.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (citation omitted). Unsupported allegations in the pleadings thus cannot create a material issue of fact. Id.

B. Defendants' Objections

    1. Plaintiff's False Arrest Claim

Plaintiff first objects that Magistrate Judge Fox granted summary judgment in favor of Defendants on Plaintiff's false arrest claim without taking into consideration the affidavit of Anthony Henry, who was present at the scene of the incident, and because Plaintiff contends that "police officers are known to support each others' BLUE WALL OF SILENCE, corroborating each others version of an event." (Plt's Obj., ¶ A.)

To succeed on a claim for false arrest under Section 1983 and New York Law, Plaintiff must show that: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent

3

to the confinement, and (4) the confinement was not otherwise privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (internal citations omitted). .

Under New York law, "if an individual is convicted of the crime for which he was arrested, that conviction is a defense to an action asserting that the arrest was made without probable cause." Rivera v. City of Yonkers, 470 F.Supp.2d 402, 407 (S.D.N.Y. 2007) (citing Cameron v. Fogarty, 806 F.2d 380, 388-89 (2d Cir. 1986)). Further, where an individual is convicted for "at least one of the charges for which [he] was arrested" the doctrine in Cameron applies. Luckerson v. Hibbert, 1991 WL 115144, *2 (S.D.N.Y. Jun. 20, 1991), aff'd Luckerson v. Fire Mars. Hibbert, 952 F.2d 394 (2d Cir. 1991); see also Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) ("[W]hen faced with a claim for false arrest, we focus on the validity of the arrest, and not on the validity of each charge.") (emphasis in original).

Here, on February 1, 2007, Plaintiff was found guilty of Second Degree Assault, Resisting Arrest, and Littering, based upon the same June 5, 2006 events that give rise to Plaintiff's instant claims. (Plt's 56.1 Stmt., ¶ 10, Ex. L.) Even crediting the affidavits of Plaintiff and his passenger, Anthony Henry, because Plaintiff was convicted of at least one of the charges for which he was arrested, Defendants' have established a defense

4

to Plaintiff's claim for false arrest.[1]  Accordingly, Defendants' Motion for Summary Judgment on Plaintiff's false arrest claim is GRANTED.

2. Plaintiff's Monell Claim Based Upon an Alleged Failure to Train

Plaintiff further objects to the granting of summary judgment on his "failure to train" Monell claim because he asserts that the "defendants escalated the event as a direct result of the powers possessed as POLICE OFFICERS," and that Defendants' actions would have been different had Plaintiff been "related to any one of these officers."  (Plt's Obj., ¶ B.)  The latter half of this objection is completely without support in the record and appears to constitute a belated attempt to assert an Equal Protection claim.  Such a claim shall not be added at this point in the proceedings and, in any event, would be futile.

Construing Plaintiff's submissions liberally, however, the Court interprets the first portion of this objection to argue that the City of Yonkers' did not properly train its officers in

---

[1] Further, Plaintiff's conclusory objection that police officers are known to support each other's version of the facts is neither directed to the specific facts of this case, supported by evidence in the record, nor relevant to the Court's finding that the Defendants' have a defense to Plaintiff's claim for false arrest as a matter of law.

Case 1:07-cv-02164-KNF   Document 35   Filed 05/20/10   Page 6 of 10

the proper use of police power in avoiding the escalation of confrontations between officers and citizens.

"The failure to train or supervise [municipal] employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact." Wray, 490 F.3d at 195 (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). "To establish 'deliberate indifference,' a plaintiff must show that: (1) a policymaker knows "to a moral certainty" that city employees will confront a particular situation; (2) the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or there is a history of employees mishandling the situation; and (3) the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." Id, at 195-96 (internal citation omitted). Further, where a municipality "has a training program, a plaintiff must - in addition - identify a specific deficiency in the city's training program and establish that the deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation." Id. at 196 (quoting Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 129 (2d Cir. 2004)).

6

Here, Plaintiff has not provided any evidence regarding Yonkers' training policies, let alone evidence that would suggest that its training program is deficient with regard to training officers how to avoid the escalation of conflicts or confrontations with citizens. Accordingly, Defendants' Motion for Summary Judgment on Plaintiff's Monell claim is GRANTED.

3.   Plaintiff's Fourth Amendment and Due Process Claims

Finally, Plaintiff objects that Magistrate Judge Fox improperly granted summary judgment on his claim that the Defendants attempted to place his life in jeopardy in violation of the Fourth Amendment of the United States Constitution, the Fifth Amendment Due Process Clause of the United States Constitution, and the Due Process Clause of the New York Constitution. (Plt's Obj., ¶ C.) Plaintiff argues that Defendants "attempted to place [P]laintiff's life in jeopardy when [one of them] instructed Plaintiff to enter into rush hour traffic to retrieve the lollipop stick he had thrown from his vehicle." (Compl., ¶¶ 9-11, 29-30.)

To the extent that Plaintiff contends this alleged instruction from the Defendants was tantamount to a "seizure" under the Fourth Amendment, because he was "not free to leave," (Plt's Obj., ¶ C), this contention is foreclosed by the Supreme

Court's definition of a "seizure" under the Fourth Amendment. Although "[a] police officer may make a seizure by a show of authority and without the use of physical force[,] . . . [where] there is no actual submission . . . there is at most an attempted seizure, so far as the Fourth Amendment is concerned." Brendlin v. California, 551 U.S. 249, 254 (2007) (citing California v. Hodari D., 449 U.S. 621, 626, n.2 (1992); County of Sacramento v. Lewis, 523 U.S. 833, 844-45, n.7 (1998)). Accordingly, because by Plaintiff's own admission he did not submit to the instructions of the Defendants, there could be no Fourth Amendment seizure of the Plaintiff.

Under the Due Process Clause of the Fourteenth Amendment,[2] to succeed on a Section 1983 action based on the violation of an individual's substantive due process rights, the Plaintiff must show that a property or liberty interest was harmed by government action that was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Lombardi v. Whitman, 485 F.3d 73, 78-79 (2d Cir. 2007); see also Stephen v. Evers, 318 Fed.Appx. 477 (9th Cir. 2008) (stating that to succeed on a claim for violation of substantive due process, a Plaintiff

---

[2] Construing Plaintiff's submission liberally, the Court interprets Plaintiff's Fifth Amendment Due Process claim as a Fourteenth Amendment Due Process claim, because it is the Fourteenth Amendment which is applicable to state and municipal officials such as the Defendants.

must demonstrate "deliberately indifferent or criminally reckless behavior that results in <u>an injury</u>" or that a "governmental actor has intentionally caused <u>harm</u>)" (emphasis added).

Here, the Court need not address whether Defendants' alleged conduct could be said to "shock the conscious" because Plaintiff has not alleged the deprivation of any property or liberty interest, nor any other injury arising from the Defendants' alleged instructions to pick up the lollipop stick on the road.

Similarly, Plaintiff has not shown that he was "deprived of life, [or any] liberty or property [interest]" under the Due Process Clause of Section 6 of Article 1 of the New York Constitution. See, e.g., <u>Wantanabe Realty Corp. v. City of New York</u>, 315 F.Supp.2d 375, 401 (S.D.N.Y. 2003) (noting that "[t]here is no suggestion that these state constitutional provisions [including the New York due process clause] are any more expansive . . . than their federal counterparts" and therefore dismissing Plaintiff's due process claim under Section 6 of Article 1 of the New York Constitution).

Accordingly, because Plaintiff has not provided any evidence of a violation of his federal or state due process rights, or his federal right to be free from illegal searches and seizures, Defendants' Motion for Summary Judgment on those claims is GRANTED.

## II. CONCLUSION

The Court reviews the remainder of the Report for clear error. Having found no clear error on the record with the remainder of the Report, and having conducted an independent <u>de novo</u> review of the specifically objected-to portions of the Report, it is ORDERED as follows:

1.  The Report and Recommendation of United States Magistrate Judge Fox dated January 8, 2010, be and the same hereby is, APPROVED, ADOPTED, and RATIFIED by the Court.

2.  Defendants' Motion for Summary Judgment is DENIED as to Plaintiff's excessive force claim and GRANTED with regard to all of Plaintiff's remaining claims.

3.  On the sole remaining claim, the parties are to adhere to the following pre-trial submission dates: Joint Pre-Trial Statement ("JPTS"), Requests to Charge, Proposed Voir Dire, and Memoranda of Law addressing those issues raised in the JPTS, are to be filed sixty (60) days from the date of this Memorandum and Order; and Responses to the Memoranda of Law are to be filed ninety days (90) from the date of this Memorandum and Order. All submission shall be in accordance with the Court's Individual Rules of Practice.

SO ORDERED.

DATED:   New York, New York
         May 20, 2010

*Deborah A. Batts* (signature)
Deborah A. Batts
United States District Judge